# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re<br><br>JEANIE SCHOFIELD,<br><br>                             **Debtor**<br><br>HAROLD B. MURPHY, as Chapter 7 Trustee,<br><br>                             **Plaintiff**<br><br>v.<br><br>CAROL VAN PATTEN,<br>  Individually,<br>  as Executrix of the Estate of<br>    Alan L. Schofield, and<br>  as Trustee of the<br>    Alan Paul Schofield Trust,<br>SYLVIA ELLINGWOOD, and<br>ALAN PAUL SCHOFIELD,<br>  Individually and<br>  as Trustee of the<br>    Alan Paul Schofield Trust,<br><br>                            **Defendants** | Chapter 7<br>Case No. 09-15849-FJB<br><br><br><br><br><br>Adversary Proceeding<br>No. 13-1046 |

## MEMORANDUM OF DECISION

By his complaint in this adversary proceeding, Harold B. Murphy ("Murphy"), as the chapter 7 trustee in the bankruptcy case of Jeanie Schofield (the "Debtor"), seeks (i) turnover under 11 U.S.C. § 542(a) of the Debtor's share of certain funds that are in the possession of defendant Carol Van Patten as executrix of the probate estate of Alan L. Schofield, (ii) an accounting of all funds Van Patten has obtained as a result of her administration of the Schofield Estate, and (iii) and an order authorizing him under 11 U.S.C. § 363(h) to sell the interests of both the Debtor and the defendants in certain real

property remaining in the probate estate.  After a trial on the merits, at which Ms. Van Patten represented herself (in her individual capacity only) and no other defendant appeared, the Court now enters the following findings of fact and rulings of law and, on the basis thereof, will dismiss the complaint without prejudice to Murphy's enforcing the Debtor's rights in the Probate Court.

**Facts and Procedural History**

The relevant facts are as follows.  The Debtor and defendants Carol Van Patten (Van Patten"), Sylvia Ellingwood ("Ellingwood"), and Alan Paul Schofield ("Schofield") are siblings and the children of Alan L. Schofield (the "Father").  On October 14, 1996, the Father died.  On February 20, 1997, the Father's will (the "Will") and the first codicil to the Will (the "Codicil") were filed with the Middlesex County Division of the Probate and Family Court Department of the Trial Court of the Commonwealth of Massachusetts (the "Probate Court").  On October 20, 1998, the Probate Court entered a decree approving and allowing the Will.  Van Patten was named executrix of the estate (the "Schofield Estate"), in which capacity she continues to serve.  Also, the Will established the Alan Paul Schofield Trust (the "Trust"), of which Van Patten and Schofield are the trustees.

At the time of his death, the Father owned the following real property:  (i) a 5/6 interest in a parcel located in Groton, Massachusetts, consisting of approximately 81.5 acres of land  (the "Groton Property"), of which Ellingwood is the owner of the remaining 1/6 interest; (ii) a parcel located in Westford, Massachusetts (the "Westford Property"); (iii) a parcel located in Whitingham, Vermont (the "Vermont Property"); and (iv) a parcel located at 285 Foster Street, Lowell, Massachusetts (the "Lowell Property").  The Will, as amended by the Codicil, directs that the residue of the Schofield Estate, of which these four interests in property are undisputedly a part, be divided into three equal parts and distributed, with one of the equal parts going to each of (i) Van Patten individually, (ii) the Debtor, and (iii) Van Patten and Schofield as trustees of the Trust.  To date, Van Patten has liquidated only the Lowell

2

Property; she did this in 1999 for the stated consideration of $87,500.  She has not liquidated the remaining properties or otherwise divided the estate or distributed it.[1]

The Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code on June 25, 2009.  The case was converted to one under chapter 7 on June 20, 2011, whereupon Murphy was appointed chapter 7 trustee.  In that capacity he filed the complaint commencing this adversary proceeding.

Schofield filed an answer pro se but did not join in filing the joint pretrial memorandum and has not otherwise appeared in this proceeding.[2]  It is not clear from his answer whether he opposes the relief requested.

Ellingwood, appearing through counsel, filed an answer.  The answer did not indicate whether she opposed the relief requested but included a prayer for an order "declining to hear this matter for lack of jurisdiction, the probate proceeding being pending in the Middlesex Probate Court."  The Court then entered an order stating:  "If [Ms. Ellingwood] believes this court lacks subject matter jurisdiction over this adversary proceeding, or for any other reason should abstain from adjudicating this proceeding, she shall file a motion to dismiss and supporting memorandum on or before May 10, 2013.  She responded only by withdrawing her prayer for relief concerning jurisdiction.  Later, Ellingwood filed an assent to entry of judgment, stating that she "assents to entry of judgment pursuant to 11 U.S.C. § 363(h) in favor of the Plaintiff Trustee authorizing the Trustee to sell the interests of the Debtor and the Co-Owners in the Real Property."  Ellingwood has not otherwise participated in this adversary proceeding; she neither joined in filing the Joint Pretrial Memorandum nor participated in the trial.

---

[1] In a statement of stipulated facts that was filed by Murphy and Van Patten (in all three of the capacities in which she is a defendant) but not joined in by Ellingwood or by Schofield, Murphy and Van Patten stipulated that "[a]s of the date of the death of the Father, the Debtor, Van Patten and the Trust were each 1/3 owners of the Westford Property, the Lowell Property and the Vermont Property," and, as of the same date, "Ellingwood was a 1/6 owner of the Groton Property and the Debtor, Van Patten and the Trust were each one third owners of the remaining 5/6 of the Groton Property."  This "stipulation of fact" is in fact a conclusion of law, not a fact, and it is not joined in by two defendants.  For these reasons, I do not regard it as binding on the Court.

[2] At trial Van Patten submitted an affidavit purporting to be Schofield's, but the affidavit is unsigned, and therefore I do not regard it as his and treat it as a nullity.

3

Acting pro se, Van Patten, who is not an attorney, filed a series of less-than-artful answers. It is clear that she opposes at least those portions of the complaint that request turnover of assets of the probate estate and leave to sell the interests of the Debtor and the defendants in other assets of the probate estate. Because she is not an attorney, the Court has prohibited her from appearing on behalf of entities other than herself individually. For a time she obtained the assistance of an attorney, who represented her in all three capacities in which she is a defendant; acting on her behalf in these capacities, the attorney filed an amended answer [doc. #87], and he joined with Murphy's counsel in filing a Joint Pretrial Memorandum, which included a stipulation as to certain facts. At trial, however, Van Patten again appeared pro se, which the Court permitted her to do only for herself in her individual capacity. The trial was held on December 2, 2013.

**Jurisdiction**

The present complaint includes three requests for relief. Two of these—the request under 11 U.S.C. § 542(a) for turnover and the request under 11 U.S.C. § 363(h) for an order authorizing the chapter 7 trustee to sell the interests of both the debtor and the defendants in certain real property—arise under the Bankruptcy Code and in a bankruptcy case and therefore fall within the jurisdiction given the district court in 28 U.S.C. § 1334(b) and, by standing order of reference, referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a). They are core proceedings. 28 U.S.C. § 157(b)(2)(E) and (N) (core proceedings include orders to turnover property of the estate and orders approving the sale of property). This court accordingly has authority to enter final judgment as to these matters. 28 U.S.C. § 157(b)(1). The remaining count, for an accounting from Van Patten as executrix, does not arise under the Bankruptcy Code and is not a core proceeding; and the parties to it have not consented to the Bankruptcy Court's entry of final judgment as to it. Were the court not inclined to abstain as to this count, its authority over this count would be limited to that set forth in 28 U.S.C. § 157(c)(1).

4

**Discussion**

The Court begins with the observation that the Father's Will, as amended by the Codicil, requires that Van Patten, as executrix, divide the residue of the Schofield Estate into three equal parts and then distribute the same. Until that occurs, the assets in question—three parcels of realty and the proceeds from the sale of a fourth—remain assets of the probate estate. The bankruptcy estate includes Jeanie Schofield's rights as an heir under her father's will, but as yet, those rights do not attach to specific assets; and they cannot attach to specific assets until the probate estate is divided into three equal parts and distributed. Therefore, her bankruptcy estate, which includes, in relevant part, "all legal or equitable interest of the debtor in property as of the commencement of the case, 11 U.S.C. § 541(a)(1), does not include the properties as to which Murphy seeks turnover and authority to sell.

The obligation of turnover in § 542(a) applies only to property of the bankruptcy estate. *In re Belenkova*, 2014 WL 1203131, at *17 (Bankr. D. Mass. 2014). In his turnover count, Murphy seeks turnover of the Debtor's share of proceeds of such assets as Van Pattern has liquidated to date, net of reasonable costs of administration. Because the assets as to which Murphy seeks turnover remain assets of the probate estate and have not become the Debtor's, and therefore are not property of her bankruptcy estate, Murphy has no enforceable right of turnover under § 542(a) as to these assets.

Likewise, a trustee's prerogative to sell property under § 363(h) extends only to property in which the bankruptcy estate has an interest. 11 U.S.C. § 363(h) ("the trustee may sell both *the estate's interest, under subsection (b) or (c) of this section*, and the interest of any co-owner in . . . ."). It is true that this subsection permits the sale of property "in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety," but here the debtor had no such interest. As of the commencement of the case (and still today), she had an undivided interest in the residue of the probate estate, but that is not the same as an undivided interest in particular assets—and, in any event, it is not an undivided interest "as a tenant in

common, joint tenant, or tenant by the entirety," which the statute further expressly requires. *Id*. Murphy is therefore entitled to no relief under § 363(h).

This leaves only Murphy's count for an accounting from Van Patten, as executrix, of all funds obtained as a result of her administration of the Schofield Estate.  As the Court determined above, this count is not a core proceeding, and the Court's authority over it would at best be limited to entry of proposed findings of fact and conclusions of law and submission of the same to the District Court for further proceedings and entry of judgment only by that court.  28 U.S.C. § 157(c)(1).  That procedure would be of no utility here, especially where it is clear that (i) Murphy, as trustee, holds and controls the Debtor's rights in the probate estate, (ii) he may and must enforce those rights in the Probate Court, which has exclusive jurisdiction of the assets constituting the probate estate, (iii) the demand for an accounting is and adjunct to the principal demands for relief he presumably will bring to that court:  a request to compel the executrix to carry out her obligations under the Will and Codicil to divide the residue of the estate and distribute to Murphy the Debtor's share.  A bankruptcy court exercising the district court's bankruptcy jurisdiction may, in the interest of justice or the interest of comity with State courts, abstain from hearing a particular proceeding arising in or related to a case under the Bankruptcy Code.  28 U.S.C. § 1334(c)(1).  Here, abstention would serve both the interests of justice and the interest of comity with the state courts.  Justice is served because it would be wasteful, duplicative, and confusing for a bankruptcy court and U.S. District Court to be involved in a matter that in any event must go forward in the state Probate Court; and comity is served because of the strong interest, and indeed exclusive jurisdiction, that the state Probate Court has in control over the assets of the probate estate. This court therefore abstains as to the count for an accounting and accordingly will dismiss it without prejudice.

**Conclusion**

For the reasons set forth above, the Court will enter judgment dismissing the counts under § 542(a) and 363(h) on their merits and abstaining as to the count for an accounting.  All of this is without prejudice to the rights of Murphy as chapter 7 trustee to enforce the Debtor's rights under the will in the Probate Court, to compel and obtain the division and distribution to which the Debtor is entitled.

Date:  April 15, 2014                              _____
                                                   Frank J. Bailey
                                                   United States Bankruptcy Judge